Ranabhat v. Garland

BIA
Douchy, IJ
A208 685 937

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-two.

PRESENT:
ROSEMARY S. POOLER,
JOSEPH F. BIANCO,
WILLIAM J. NARDINI,
*Circuit Judges.*

_____

GHANSHYAM RANABHAT,
*Petitioner,*

v.                                                          20-3037
                                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Dilli Raj Bhatta, Esq., New York, NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant Attorney General; Carl McIntyre,

Assistant Director; Gregory A. Pennington, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ghanshyam Ranabhat, a native and citizen of Nepal, seeks review of an August 10, 2020, decision of the BIA affirming a May 8, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ghanshyam Ranabhat,* No. A 208 685 937 (B.I.A. Aug. 10, 2020), *aff'g* No. A 208 685 937 (Immig. Ct. N.Y. City May 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are

2

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under substantial evidence standard).

The IJ may, "[c]onsidering the totality of the circumstances" base a credibility determination on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements or between his statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's adverse credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's conclusion that Ranabhat was not credible as to his claim that Maoists attacked him because of his affiliation with the Nepali Congress Party ("NCP").

As an initial matter, we defer to the IJ's conclusion that Ranabhat's testimony was hesitant, evasive, and nonresponsive "in recognition of the fact that the IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). Moreover, the record supports the finding: the IJ noted a long pause when Ranabhat was questioned about when he became an active member of the NCP in relation to his attack, and Ranabhat gave evasive answers or expressed his confusion or surprise in response to some questions.

The agency also reasonably relied on inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Ranabhat's testimony about when he became active in the NCP conflicted with supporting documents. Further, Ranabhat was inconsistent about the alleged attack, treatment, and time in hiding in Nepal. Ranabhat testified that he did not know any of the seven people who attacked him. However, he submitted

4

identical letters from two friends who allegedly rescued him after the attack, which stated that he was attacked "by around 8-10 cadres of Maoist," and the attack was led by a local Maoist leader. Ranabhat's affidavit reflected that he "was . . . hospitalized for 12 days in the hospital," and that he was "discharged from the hospital," but a letter confirming medical treatment does not mention a 12-day hospitalization, and Ranabhat testified that he stayed at someone's home near the hospital and went back and forth for treatment. Regarding the four years he spent in hiding in Kathmandu, he variously stated that he only went outside once or twice in four years, that he sometimes met up with friends, and that he attended a couple of NCP events.

The agency also relied on Ranabhat's failure to testify about a threatening letter from Maoists referenced in a corroborating statement from the NCP. Even assuming the IJ erred in finding an inconsistency based on Ranabhat's omission of this fact, *see Hong Fei Gao*, 891 F.3d at 78 ("omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony" (quotation marks omitted)), the other

inconsistencies render remand futile, *see Lianping Li v. Lynch*, 839 F.3d 144, 149 (2d Cir. 2016) (holding that remand is futile despite error where "(1) substantial evidence . . . , considered in the aggregate, supports the IJ's finding that petitioner lacked credibility, and (2) disregarding those aspects of the IJ's reasoning that are tainted by error, we can state with confidence that the IJ would adhere to his decision were the petition remanded" (quotation marks omitted)).

In sum, the multiple inconsistencies provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167; *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

6

For the foregoing reasons, the petition for review is DENIED. Petitioner's motion to supplement the record is DENIED because we "shall decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). All other pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court